IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ERIK PETERSEN,

    Plaintiff,

  v.

AGT CRUNCH ACQUISITION, LLC;
DANIEL E. ESPINO; AGT CRUNCH SAN
FRANCISCO, LLC; CRUNCH POLK
STREET, LLC; TYLER HANSEN,

    Defendants.
_____/

No. C 10-02493 CW

ORDER GRANTING IN
PART AND DENYING
IN PART DEFENDANTS
CRUNCH POLK
STREET, DANIEL E.
ESPINO AND TYLER
HANSEN'S MOTION
FOR SUMMARY
JUDGMENT
(Docket No. 22)

    Defendants Crunch Polk Street (CPS), Daniel E. Espino and Tyler Hansen[1] move for summary judgment on Plaintiff Erik Petersen's claims against them. Plaintiff opposes the motion. The motion was heard on August 25, 2011.

    Plaintiff asserts three sets of causes of action under the California Family Rights Act (CFRA) and the federal Family Medical Leave Act (FMLA): (1) failure to reinstate him to an equivalent position following protected leave, Cal. Gov. Code § 12945.2(a) and 29 U.S.C. § 2614(a)(1); (2) retaliation for taking protected leave, Cal. Gov. Code § 12945.2(l) and 29 U.S.C. § 2615(a)(1); and (3) retaliation for complaining about unlawful practices, Cal. Gov. Code § 12940(h) and 29 U.S.C. § 2615(a)(2). He brings two claims under California Government Code section 12940(a) for

---

[1] Defendants AGT Crunch Acquisition, LLC, and AGT Crunch San Francisco, LLC, are presently in bankruptcy proceedings and have not appeared in this action. The Clerk has entered default against them.

1  "gender/family status discrimination," alleging that he was not
2  promoted and was subsequently terminated because he has a child.
3  1AC at 12.  Based on his alleged unlawful discharge, Plaintiff
4  asserts a claim for wrongful termination in violation of public
5  policy.  Finally, Plaintiff seeks waiting-time penalties under
6  California Labor Code section 203.  Plaintiff asserts all of his
7  claims against CPS.  Against Espino and Hansen, Plaintiff asserts
8  only his claims under the FMLA.[2]

9  The Court grants Defendants' motion as to Plaintiff's two
10 claims under section 12490(a).  In his opposition, Plaintiff did
11 not respond to Defendants' argument that these claims fail as a
12 matter of law.

13 The Court also grants Defendants' motion as to Plaintiff's
14 claim for waiting-time penalties under California Labor Code
15 section 203.  California law holds, "If an employer discharges an
16 employee, the wages earned and unpaid at the time of discharge are
17 due and payable immediately."  Cal. Lab. Code § 201(a).  Employers
18 who fail to comply with this provision are subject to waiting-time
19 penalties, as provided under section 203.  A September 11, 2009
20 letter to Plaintiff stated,

> Your employment with Crunch has been terminated
> effective Tuesday 09/15/09, however you are instructed
> not to report to work in the meantime.  Your last
> paycheck containing all owed wages, commissions and
> earned bonuses earned up to your separation date will be
> available to be picked up . . . after noon on Tuesday
> 09/15/09.

---

[2] Civil actions under the FMLA may be brought against "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer."  29 U.S.C. § 2611(4)(A)(ii)(I).

2

Dretizer Decl., Ex. N.  Plaintiff does not dispute that he was paid wages for the days he was scheduled to work between September 11 and September 15.  Nor does he dispute that his paycheck was available on September 15.  Plaintiff contends that, because he received the letter on September 11 and did not receive his final paycheck that day, he is entitled to waiting-time penalties.  However, Plaintiff offers no authority to support his position.  The effective date of Plaintiff's dismissal was September 15, 2009, and his paycheck was available on that date.  See Smith v. Superior Court, 39 Cal. 4th 77, 84 (2006) (explaining that one meaning of "discharge," in the context of section 201, "is 'to end formally the service of'").  On these undisputed facts, Plaintiff is not entitled to waiting-time penalties.

Summary judgment is not warranted as to Plaintiff's other claims.  Employees who take protected leave under the CFRA are entitled to be reinstated to the "same or a comparable position upon the termination of the leave."  Cal. Gov. Code § 12945.2(a).  The FMLA affords a similar reinstatement right, entitling the employee to "be restored by the employer to the position of employment held by the employee when the leave commenced" or "an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment."  29 U.S.C. § 2614(a)(1)(A)-(B).  Under both statutes, an employee's duties are considered to determine whether the employee was reinstated to an appropriate position.  Cal. Gov. Code § 12945.2(c)(4); 29 C.F.R. § 825.215(e).  The parties do not dispute that, after taking protected leave, Plaintiff was reinstated to a membership director position without managerial duties.  However, there is a

3

dispute of fact as to whether Plaintiff had managerial duties prior to going on protected leave.  Thus, Defendants' motion must be denied as to Plaintiff's claims for a violation of his reinstatement rights under the CFRA and the FMLA.

Likewise, Defendants' motion must be denied as to Plaintiff's CFRA and FMLA claims for alleged retaliation for taking protected leave and for opposing practices prohibited under the respective statutes.  Although Defendants present evidence of legitimate business reasons for his discharge, Plaintiff adduces circumstantial evidence of causation and pretext.

Finally, because there is a triable issue as to whether Plaintiff's discharge violated the CFRA and the FMLA, summary judgment is not warranted on his claim for wrongful termination in violation of public policy to the extent it is based on these statutes.  However, because summary judgment is warranted as to Plaintiff's claims under California Government Code section 12940(a), the Court summarily adjudicates that his wrongful termination claim cannot be based on them.

For the foregoing reasons, the Court GRANTS Defendants' motion in part and DENIES it in part.  (Docket No. 22.)  In sum, summary judgment is warranted on Plaintiff's claims under section 12940(a) and for waiting-time penalties.  The Court also summarily adjudicates that Plaintiff's wrongful termination claim cannot be based on his claims under section 12940(a).  In all other respects, Defendants' motion is DENIED.

Plaintiff states that he intends to seek default judgment against Defendants AGT Crunch Acquisition and AGT Crunch San Francisco.  Plaintiff maintains that his claims against these

Defendants arose after they entered bankruptcy and, as a result, are not subject to the automatic stay provisions under the Bankruptcy Code.  See 11 U.S.C. § 362.  Any motion for default judgment shall be filed only after Plaintiff's claims against CPS, Espino and Hansen have been resolved.

    The parties will be referred to a magistrate judge for a settlement conference.

    A final pretrial conference is scheduled for November 29, 2011 at 2:00 p.m.  A five-day jury trial is set to begin on December 12, 2011 at 8:30 a.m.

    IT IS SO ORDERED.

Dated: 8/30/2011

CLAUDIA WILKEN
United States District Judge

cc: EDL

5